## IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## URBANA DIVISION

| | |
|---|---|
| DEMOND MILES ) | |
| ) | |
| Plaintiff, ) | Case No.: |
| ) | |
| v. ) | |
| ) | COMPLAINT FOR VIOLATION OF |
| OFFICER J. TROGLIA, STAR NO. 414, ) | CIVIL RIGHTS AND A |
| DEPUTY J. BARNEY, STAR NO. 134, ) | SUPPLEMENTAL STATE CLAIM |
| SGT. OLSON, STAR NO. 372, AGENT ) | |
| CRAWLEY, STAR NO. 9935, AGENT ) | **JURY DEMANDED** |
| ALBLINGER, STAR NO. 9733, AND ) | |
| UNKNOWN AND UNNAMED ) | |
| VERMILION COUNTY/CITY OF ) | |
| DANVILLE OFFICERS, ) | |
| | |
| Defendants. | |

## JURISDICTION AND VENUE

1. This action arises under the United States Constitution and the Civil Rights Act of 1871 (42 U.S.C. Section 1983). This court has jurisdiction under and by virtue of 28 U.S.C. Sections 1343 and 1331 and 1367.

2. Venue is founded in this judicial court upon 28 U.S.C. Section 1391 as the acts complained of arose in this district.

## PARTIES

3. At all times herein mentioned, Plaintiff Demond Miles ("Plaintiff") was and is a citizen of the United States and was within the jurisdiction of this court.

4. At all times herein mentioned, Defendants J Troglia, Star No. 414, J. Barney, Star No. 134, Sergeant Olson, Star No. 372, Agent Crawley, Star No. 9935, Agent Alblinger, Star No. 9733, and each of them were members of The Vermilion County Sheriff's Department and/or The

Danville Police Department and/or the Vermilion County Metropolitan Enforcement Group, and unknown and unnamed officers and were acting under color of state law and as the employee, agent, or representative of Vermilion County and/or the City of Danville. These Defendants are being sued in their individual capacities.

## FACTUAL ALLEGATIONS

6. On or about July 18, 2018, Plaintiff was lawfully in his vehicle in Danville, Illinois, driving to work.

7. On that day and place, Defendants had determined that they were going to stop Plaintiff's vehicle for pretextual traffic violations solely because that vehicle had been purportedly located at a particular address.

8. Defendant Troglia then stopped Plaintiff's vehicle based upon alleged traffic violations. At the time of the stop, Defendant Barney was at the scene and others were either present or arrived shortly thereafter, including defendants Crawley and Alblinger.

9. The Defendants did not proceed to write Plaintiff any tickets but rather, immediately had Plaintiff exit his vehicle and subjected him to multiple intensive pat down searches.

10. There was no legal cause to have Plaintiff exit his vehicle or subject him to an invasive pat down search.

11. Plaintiff is informed and believes that Defendant Barney is a canine officer. He was present with his dog who then sniffed the area including Plaintiff's vehicle. The dog did not "alert" on anything as there was nothing to alert on as Plaintiff did not possess any narcotics.

12. There was also no smell of any narcotics in the vehicle as Plaintiff did not smoke marijuana in the vehicle and there were no other drugs in the vehicle.

13. The Defendants also did a search of Plaintiff's vehicle. No contraband was found in the vehicle.

14. There was no legal cause to do a search of the vehicle.

15. Despite the fact that no contraband was located on Plaintiff's person or in his vehicle, nor did the Defendants observe Plaintiff to engage in any suspicious appearing transactions, Plaintiff was detained so that the Defendants could obtain a search warrant to search the Plaintiff.

16. Plaintiff was arrested and brought back to the Danville Police Department so that he could be subjected to a strip search.

17. Plaintiff was then strip searched twice at the Danville Police Department. Plaintiff is informed and believes that he was strip searched by Defendant Crawley and that the strip search was observed by Defendants Olson and Alblinger.

18. Plaintiff is informed and believes that Defendant Olson is a Sergeant who was the other Defendants' supervisor and who approved the strip search.

19. No contraband was found but nevertheless Plaintiff was placed in a cell subsequent to being strip searched until he was finally released.

20. There was no legal cause to arrest Plaintiff, to obtain a warrant to search Plaintiff and to search or strip search the Plaintiff.

21. Plaintiff's vehicle was also intensively searched a second time. Plaintiff is informed and believes that a search warrant was obtained to search Plaintiff's vehicle.

22. There was no legal cause to obtain a warrant for and to search Plaintiff's vehicle.

23. No contraband was found in Plaintiff's vehicle or on Plaintiff's person. As a result, Plaintiff was released with no criminal charges having been sought.

24. By reason of the above-described acts and omissions of Defendants, Plaintiff sustained injuries, including but not limited to, the loss of his liberty, the invasion of his personal privacy and his privacy in his vehicle, humiliation and indignities, and suffered great mental and emotional pain and suffering in an amount to be ascertained.

25. The aforementioned acts of Defendants were willful, wanton, malicious, oppressive and done with reckless indifference to and/or callous disregard for Plaintiff's rights and justify the awarding of exemplary and punitive damages in an amount to be ascertained according to proof at the time of trial.

26. By reason of the above-described acts and omissions of Defendants, Plaintiff was required to retain an attorney to institute, prosecute and render legal assistance to him in the within action so that he might vindicate the loss and impairment of his rights. By reason thereof, Plaintiff requests payment by Defendants of a reasonable sum for attorney's fees pursuant to 42 U.S.C. Section 1988, the Equal Access to Justice Act or any other provision set by law.

**COUNT I**
**PLAINTIFF AGAINST DEFENDANTS OLSON, CRAWLEY, ALBLINGER, TROGLIA AND BARNEY FOR UNREASONABLE SEIZURE**

27. Plaintiff hereby incorporates and realleges paragraphs one (1) through twenty-six (26) hereat as though fully set forth at this place.

28. By reason of the conduct by Defendants and those named in the caption to this count, Plaintiff was deprived of rights, privileges and immunities secured to him by the Fourth and/or Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder.

29. The arbitrary intrusion by Defendants, into the security and privacy of Plaintiff's person was in violation of Plaintiff's Constitutional Rights and not authorized by law. The

Defendants police officers violated the Plaintiff's rights in the following manner: (1) Plaintiff was unlawfully seized after his vehicle was stopped which continued until he was released from the police station; (2) Plaintiff was subjected to unlawful multiple pat down searches; (3) Plaintiff was subjected to multiple unlawful strip searches without authorization or other legal cause; and (4) Defendants unlawfully procured and/or executed a search warrant for Plaintiff's person.  The foregoing was unnecessary, unreasonable and excessive, and was therefore in violation of Plaintiff's rights. Therefore, the Defendant is liable to Plaintiff pursuant to 42 U.S.C. § 1983.

## COUNT II
### PLAINTIFF AGAINST DEFENDANTS CRAWLEY, ALBLINGER, TROGLIA AND BARNEY FOR UNREASONABLE SEIZURE OF PLAINTIFF'S VEHICLE

30. Plaintiff hereby incorporates and realleges paragraphs one (1) through twenty-six (26) hereat as though fully set forth at this place.

31. By reason of the conduct by Defendants and those named in the caption to this count, Plaintiff was deprived of rights, privileges and immunities secured to him by the Fourth and/or Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder.

32. The arbitrary intrusion by Defendants, into the security and privacy of Plaintiff's vehicle was in violation of Plaintiff's Constitutional Rights and not authorized by law. The Defendants police officers violated the Plaintiff's rights in the following manner: (1) Plaintiff's vehicle was unlawfully seized after his vehicle was stopped which continued until his vehicle was released from the police station; (2) Plaintiff's vehicle was subjected to unlawful multiple searches while at the scene where the vehicle was originally stopped; (3) Plaintiff's vehicle was subjected to an additional search after the Defendants obtained a search warrant for the vehicle;

and (4) Defendants unlawfully procured and/or executed a search warrant for Plaintiff's vehicle. The foregoing was unnecessary, unreasonable and excessive, and was therefore in violation of Plaintiff's rights. Therefore, the Defendant is liable to Plaintiff pursuant to 42 U.S.C. § 1983.

**WHEREFORE,** the Plaintiff, by and through his attorneys, ED FOX & ASSOCIATES, requests judgment as follows against the Defendants, and each of them:

1. That the individual Defendants be required to pay Plaintiff's general damages, including emotional distress, in a sum to be ascertained;

2. That the Defendants be required to pay Plaintiff's special damages;

3. That these same Defendants be required to pay Plaintiff's attorneys fees pursuant to Section 1988 of Title 42 of the United States Code, the Equal Access to Justice Act or any other applicable provision;

4. That the Defendants be required to pay punitive and exemplary damages in a sum to be ascertained;

5. That the Defendants be required to pay Plaintiff's costs of the suit herein incurred; and

6. That Plaintiff have such other and further relief as this Court may deem just and proper.

BY: s/ Edward M. Fox
Edward M. Fox
ED FOX & ASSOCIATES, LTD.
Attorneys for Plaintiff
300 West Adams, Suite 330
Chicago, Illinois 60606
(312) 345-8877
efox@efoxlaw.com

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

BY: s/ Edward M. Fox
Edward M. Fox
ED FOX & ASSOCIATES, LTD.
Attorneys for Plaintiff
300 West Adams, Suite 330
Chicago, Illinois 60606
(312) 345-8877
efox@efoxlaw.com