E-FILED
Monday, 23 March, 2020  02:41:55 PM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**URBANA DIVISION**

| | | |
|---|---|---|
| DEMOND MILES, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 20-cv-2015 |
| | ) | |
| vs. | ) | |
| | ) | Judge Colin Stirling Bruce |
| OFFICER J. TROGLIA, STAR NO. 414, | ) | |
| DEPUTY J. BARNEY, STAR NO. 134, SGT. | ) | JURY TRIAL DEMANDED |
| OLSON, STAR NO. 372, AGENT CRAWLEY, | ) | |
| STAR NO. 9935, AGENT ALBLINGER, STAR | ) | |
| NO. 97733, AND UNKNOWN AND UNNAMED | ) | |
| VERMILION COUNTY/CITY OF DANVILLE | ) | |
| OFFICERS, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' JORDAN BARNEY AND PAT ALBLINGER'S**
**ANSWER AND AFFIRMATIVE DEFENSE TO PLAINTIFF'S COMPLAINT**

NOW COME Defendants JORDAN BARNEY and PAT ALBLINGER by and through

their attorney, MICHAEL W. CONDON of HERVAS, CONDON & BERSANI, P.C., and for

their Answer and Affirmative Defense to Plaintiff's Complaint, state as follows:

**JURISDICTION AND VENUE**

1.      This action arises under the United States Constitution and the Civil Rights Act of

1871 (42 U.S.C. Section 1983). This court has jurisdiction under and by virtue of 28 U.S.C.

Sections 1343 and 1331 and 1367.

**ANSWER:      Defendants admit the allegations contained in Paragraph 1 of Plaintiff's**
**Complaint.**

2.      Venue is founded in this judicial court upon 28 U.S.C. Section 1391 as the acts

complained of arose in this district.

**ANSWER:      Defendants admit the allegations contained in Paragraph 2 of Plaintiff's**
**Complaint.**

## PARTIES

3.     At all times herein mentioned, Plaintiff Demond Miles ("Plaintiff') was and is a

citizen of the United States and was within the jurisdiction of this court.

**ANSWER:     Defendants have insufficient knowledge to either admit or deny the allegations contained in Paragraph 3 of Plaintiff's Complaint and therefore deny same and demand strict proof thereof.**

4.     At all times herein mentioned, Defendants J Troglia, Star No. 414, J. Barney, Star

No. 134, Sergeant Olson, Star No. 372, Agent Crawley, Star No. 9935, Agent Alblinger, Star No.

9733, and each of them were members of The Vermilion County Sheriff's Department and/or The

Danville Police Department and/or the Vermilion County Metropolitan Enforcement Group, and

unknown and unnamed officers and were acting under color of state law and as the employee,

agent, or representative of Vermilion County and/or the City of Danville. These Defendants are

being sued in their individual capacities.

**ANSWER:     Defendants Barney and Alblinger admit only that they were employed with the Vermilion County Sheriff's Department on July 18, 2018 and that Deputy Alblinger was assigned to the Vermilion County Metropolitan Enforcement Group. Defendants further admit that they were acting under color of state law and within the scope of their employment during the incident on July 18, 2018 and that they are being sued in their individual capacities. Defendants have insufficient knowledge to either admit or deny the remaining allegations contained in Paragraph 4 of Plaintiff's Complaint and therefore deny same and demand strict proof thereof.**

## FACTUAL ALLEGATIONS

6.     On or about July 18, 2018, Plaintiff was lawfully in his vehicle in Danville,

Illinois, driving to work. *[sic]*

**ANSWER:     Defendants have insufficient knowledge to either admit or deny the allegations contained in Paragraph 6 of Plaintiff's Complaint and therefore deny same and demand strict proof thereof.**

7.      On that day and place, Defendants had determined that they were going to stop

Plaintiff's vehicle for pretextual traffic violations solely because that vehicle had been

purportedly located at a particular address.

**ANSWER:**      **Defendants deny the allegations contained in Paragraph 7 of Plaintiff's
Complaint.**

8.      Defendant Troglia then stopped Plaintiff's vehicle based upon alleged traffic

violations. At the time of the stop, Defendant Barney was at the scene and others were either

present or arrived shortly thereafter, including defendants Crawley and Alblinger.

**ANSWER:**      **Defendants admit the allegations contained in Paragraph 8 of Plaintiff's
Complaint.**

9.      The Defendants did not proceed to write Plaintiff any tickets but rather, immediately

had Plaintiff exit his vehicle and subjected him to multiple intensive pat down searches.

**ANSWER:**      **Defendants admit only that Plaintiff was subjected to a pat-down search at
the scene of the incident but deny the remaining allegations contained in
Paragraph 9 of Plaintiff's Complaint.**

10.      There was no legal cause to have Plaintiff exit his vehicle or subject him to an

invasive pat down search.

**ANSWER:**      **Defendants deny the allegations contained in Paragraph 10 of Plaintiff's
Complaint.**

11.      Plaintiff is informed and believes that Defendant Barney is a canine officer. He

was present with his dog who then sniffed the area including Plaintiff's vehicle. The dog did not

"alert" on anything as there was nothing to alert on as Plaintiff did not possess any narcotics.

**ANSWER:**      **Defendants admit only that Defendant Barney is a canine officer and that he
was present with his dog who sniffed the area including Plaintiff's vehicle.
Defendants deny that the dog did not "alert" on Plaintiff's vehicle.**

12.      There was also no smell of any narcotics in the vehicle as Plaintiff did not smoke

marijuana in the vehicle and there were no other drugs in the vehicle.

**ANSWER:**   **Defendants admit only that no drugs were located in Plaintiff's vehicle when the vehicle was searched at the scene. Defendants deny that there was no smell of any narcotics in the vehicle.**

13.   The Defendants also did a search of Plaintiff's vehicle. No contraband was found in the vehicle.

**ANSWER:**   **Defendants admit the allegations contained in Paragraph 13 of Plaintiff's Complaint.**

14.   There was no legal cause to do a search of the vehicle.

**ANSWER:**   **Defendants deny the allegations contained in Paragraph 14 of Plaintiff's Complaint.**

15.   Despite the fact that no contraband was located on Plaintiff's person or in his vehicle, nor did the Defendants observe Plaintiff to engage in any suspicious appearing transactions, Plaintiff was detained so that the Defendants could obtain a search warrant to search the Plaintiff.

**ANSWER:**   **Defendants admit only that Plaintiff was detained so that the City of Danville officers could obtain a search warrant to search Plaintiff. Defendants deny the remaining allegations contained in Paragraph 15 of Plaintiff's Complaint.**

16.   Plaintiff was arrested and brought back to the Danville Police Department so that he could be subjected to a strip search.

**ANSWER:**   **Defendants admit only that Plaintiff was detained and brought back to the Danville Police Department and that he was eventually subjected to a strip search after a warrant was obtained by the City of Danville officers.**

17.   Plaintiff was then strip searched twice at the Danville Police Department. Plaintiff is informed and believes that he was strip searched by Defendant Crawley and that the strip search was observed by Defendants Olson and Alblinger.

**ANSWER:**   **Defendants admit only that Plaintiff was strip searched by City of Danville Officer Scott Crawley at the Public Safety Building and that the strip search was observed by Defendant Alblinger. Defendants deny the remaining allegations contained in Paragraph 17 of Plaintiff's Complaint.**

4

18.     Plaintiff is informed and believes that Defendant Olson is a Sergeant who was the

other Defendants' supervisor and who approved the strip search.

**ANSWER:**     **Defendants admit only that Defendant Olson is a sergeant employed with the City of Danville Police Department. Defendants deny that Sgt. Olson is their supervisor.**

19.     No contraband was found but nevertheless Plaintiff was placed in a cell

subsequent to being strip searched until he was finally released.

**ANSWER:**     **Defendants admit only that no contraband was found during the search of Plaintiff's person and that Plaintiff was detained while a search was conducted of Plaintiff's vehicle at the Public Safety Building.**

20.     There was no legal cause to arrest Plaintiff, to obtain a warrant to search Plaintiff

and to search or strip search the Plaintiff.

**ANSWER:**     **Defendants deny the allegations contained in Paragraph 20 of Plaintiff's Complaint.**

21.     Plaintiff's vehicle was also intensively searched a second time. Plaintiff is

informed and believes that a search warrant was obtained to search Plaintiff's vehicle.

**ANSWER:**     **Defendants admit only that Plaintiff's vehicle was searched a second time at the Public Safety Building after a search warrant was obtained to search Plaintiff's vehicle.**

22.     There was no legal cause to obtain a warrant for and to search Plaintiff's vehicle.

**ANSWER:**     **Defendants deny the allegations contained in Paragraph 22 of Plaintiff's Complaint.**

23.     No contraband was found in Plaintiff's vehicle or on Plaintiff's person. As a result,

Plaintiff was released with no criminal charges having been sought.

**ANSWER:**     **Defendants admit the allegations contained in Paragraph 23 of Plaintiff's Complaint.**

24.     By reason of the above-described acts and omissions of Defendants, Plaintiff

sustained injuries, including but not limited to, the loss of his liberty, the invasion of his personal

privacy and his privacy in his vehicle, humiliation and indignities, and suffered great mental and

emotional pain and suffering in an amount to be ascertained.

**ANSWER:**	**Defendants deny the allegations contained in Paragraph 24 of Plaintiff's Complaint.**

25.	The aforementioned acts of Defendants were willful, wanton, malicious,

oppressive and done with reckless indifference to and/or callous disregard for Plaintiffs rights

and justify the awarding of exemplary and punitive damages in an amount to be ascertained

according to proof at the time of trial.

**ANSWER:**	**Defendants deny the allegations contained in Paragraph 25 of Plaintiff's Complaint.**

26.	By reason of the above-described acts and omissions of Defendants, Plaintiff was

required to retain an attorney to institute, prosecute and render legal assistance to him in the

within action so that he might vindicate the loss and impairment of his rights. By reason thereof,

Plaintiff requests payment by Defendants of a reasonable sum for attorney's fees pursuant to 42

U.S.C. Section 1988, the Equal Access to Justice Act or any other provision set by law.

**ANSWER:**	**Defendants deny the allegations contained in Paragraph 26 of Plaintiff's Complaint.**

## COUNT I
## PLAINTIFF AGAINST DEFENDANTS OLSON, CRAWLEY, ALBLINGER, TROGLIA AND BARNEY FOR UNREASONABLE SEIZURE

27.	Plaintiff hereby incorporates and realleges paragraphs one (1) through twenty-six

(26) hereat as though fully set forth at this place.

**ANSWER:**	**Defendants restate and incorporate their answers to paragraphs 1-26 as their answer to paragraph 27 of Plaintiff's Complaint.**

28.	By reason of the conduct by Defendants and those named in the caption to this

count, Plaintiff was deprived of rights, privileges and immunities secured to him by the Fourth

and/or Fourteenth Amendments to the Constitution of the United States and laws enacted

thereunder.

**ANSWER:**    **Defendants deny the allegations contained in Paragraph 28 of Plaintiff's Complaint.**

29.    The arbitrary intrusion by Defendants, into the security and privacy of Plaintiff's

person was in violation of Plaintiffs Constitutional Rights and not authorized by law. The

Defendants police officers violated the Plaintiff's rights in the following manner: (1) Plaintiff

was unlawfully seized after his vehicle was stopped which continued until he was released

from the police station; (2) Plaintiff was subjected to unlawful multiple pat down searches; (3)

Plaintiff was subjected to multiple unlawful strip searches without authorization or other legal

cause; and (4) Defendants unlawfully procured and/or executed a search warrant for Plaintiff s

person. The foregoing was unnecessary, unreasonable and excessive, and was therefore in

violation of Plaintiffs rights. Therefore, the Defendant is liable to Plaintiff pursuant to 42

U.S.C. § 1983.

**ANSWER:**    **Defendants deny the allegations contained in Paragraph 29 of Plaintiff's Complaint.**

**COUNT II**
**PLAINTIFF AGAINST DEFENDANTS CRAWLEY, ALBLINGER, TROGLIA AND**
**BARNEY FOR UNREASONABLE SEIZURE OF PLAINTIFF'S VEHICLE**

30.    Plaintiff hereby incorporates and realleges paragraphs one (1) through twenty-six

(26) hereat as though fully set forth at this place.

**ANSWER:**    **Defendants restate and incorporate their answers to paragraphs 1-26 as their answer to paragraph 30 of Plaintiff's Complaint.**

31.    By reason of the conduct by Defendants and those named in the caption to this

count, Plaintiff was deprived of rights, privileges and immunities secured to him by the Fourth

7

and/or Fourteenth Amendments to the Constitution of the United States and laws enacted

thereunder.

**ANSWER:**  **Defendants deny the allegations contained in Paragraph 31 of Plaintiff's Complaint.**

32.      The arbitrary intrusion by Defendants, into the security and privacy of Plaintiff s

vehicle was in violation of Plaintiffs Constitutional Rights and not authorized by law. The

Defendants police officers violated the Plaintiffs rights in the following manner: (1) Plaintiff s

vehicle was unlawfully seized after his vehicle was stopped which continued until his vehicle was

released from the police station; (2) Plaintiffs vehicle was subjected to unlawful multiple searches

while at the scene where the vehicle was originally stopped; (3) Plaintiffs vehicle was subjected to

an additional search after the Defendants obtained a search warrant for the vehicle; and (4)

Defendants unlawfully procured and/or executed a search warrant for Plaintiff's vehicle. The

foregoing was unnecessary, unreasonable and excessive, and was therefore in violation of

Plaintiff's rights. Therefore, the Defendant is liable to Plaintiff pursuant to 42 U.S.C. § 1983.

**ANSWER:**  **Defendants deny the allegations contained in Paragraph 32 of Plaintiff's Complaint.**

WHEREFORE, Defendants JORDAN BARNEY and PAT ALBLINGER deny that the

Plaintiff is entitled to any judgement whatsoever against them, and pray this Honorable Court

will enter judgment in their favor and allow for the costs of defending this lawsuit.

> s/Michael W. Condon
> MICHAEL W. CONDON, ARDC No. 06192071
> *Attorney for Defendants*
> *Jordan Barney and Pat Alblinger*
> HERVAS, CONDON & BERSANI, P.C.
> 333 Pierce Road, Suite 195
> Itasca, IL 60143-3156
> 630-773-4774
> mcondon@hcbattorneys.com

## FIRST AFFIRMATIVE DEFENSE

NOW COME Defendants JORDAN BARNEY and PAT ALBLINGER, by and through

their attorney, MICHAEL W. CONDON of HERVAS, CONDON & BERSANI, P.C., and for

their First Affirmative Defense to Plaintiff's Complaint, Defendants state as follows:

The Defendants did not violate any clearly established constitutional right of which a

reasonable person would have known, thus entitling them to qualified immunity.

WHEREFORE, Defendants JORDAN BARNEY and PAT ALBLINGER deny that the

Plaintiff is entitled to any judgment whatsoever against them and pray this Honorable Court

will enter a judgment in their favor and allow for the costs of defending this lawsuit.

s/Michael W. Condon
MICHAEL W. CONDON, ARDC No. 06192071
*Attorney for Defendants*
*Jordan Barney and Pat Alblinger*
HERVAS, CONDON & BERSANI, P.C.
333 Pierce Road, Suite 195
Itasca, IL 60143-3156
630-773-4774
mcondon@hcbattorneys.com

9

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**URBANA DIVISION**

| | |
|---|---|
| DEMOND MILES, ) | |
| ) | |
| Plaintiff, ) | Case No. 20-cv-2015 |
| ) | |
| vs. ) | |
| ) | Judge Colin Stirling Bruce |
| OFFICER J. TROGLIA, STAR NO. 414, ) | |
| DEPUTY J. BARNEY, STAR NO. 134, SGT. ) | JURY TRIAL DEMANDED |
| OLSON, STAR NO. 372, AGENT CRAWLEY, ) | |
| STAR NO. 9935, AGENT ALBLINGER, STAR ) | |
| NO. 97733, AND UNKNOWN AND UNNAMED ) | |
| VERMILION COUNTY/CITY OF DANVILLE ) | |
| OFFICERS, ) | |
| ) | |
| Defendants. ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on **March 23, 2020**, I electronically filed the foregoing ***Defendant*s' *Jordan Barney and Pat Alblinger's Answer and Affirmative Defense to Plaintiff's Complaint*** with the Clerk of the U.S. District Court for the Central District of Illinois using the CM/ECF system, which will send notification to the following CM/ECF participants:

TO:   Edward M. Fox                         Karen L. McNaught
         Ed Fox & Assoc.                   Daniel T. Corbett
         300 W. Adams, Ste. 330        O'Halloran, Kosoff, Geitner & Cook LLC
         Chicago, IL  60606             650 Dundee Road, Suite 475
         efox@efox-law.com           Northbrook, IL 60062
                                           kmcnaught@okgc.com
                                         dcorbett@okgc.com

                                              s/Michael W. Condon
                                              MICHAEL W. CONDON, ARDC No. 06192071
                                             *Attorney for Defendants*
                                             *Jordan Barney and Pat Alblinger*
                                             HERVAS, CONDON & BERSANI, P.C.
                                             333 Pierce Road, Suite 195
                                             Itasca, IL 60143-3156
                                             630-773-4774
                                             mcondon@hcbattorneys.com