E-FILED
Wednesday, 25 March, 2020  04:11:26 PM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION**

| | | |
|---|---|---|
| DEMOND MILES, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 20-CV-2015-CSB-EIL |
| v. | ) | |
| | ) | |
| OFFICER J. TROGLIA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' ANSWER AND AFFIRMATIVE
DEFENSE TO PLAINTIFF'S COMPLAINT**

NOW COME Defendants, JACOB TROGLIA and ERIC OLSON (hereinafter "Defendants"), by and through their attorneys, O'Halloran, Kosoff, Geitner & Cook, and for their Answer and Affirmative Defense to Plaintiff's Complaint, Defendants state as follows:

**JURISDICTION AND VENUE**

1.      This action arises under the United States Constitution and the Civil Rights Act of 1871 (42 U.S.C. Section 1983).  This court has jurisdiction under and by virtue of 28 U.S.C. Sections 1343 and 1331 and 1367.

**ANSWER:      Defendants, Jacob Troglia and Eric Olson, admit the allegations contained in Paragraph 1 of plaintiff's complaint.**

2.      Venue is founded in this judicial court upon 28 U.S.C. Section 1391 as the acts complained of arose in this district.

**ANSWER:      Defendants, Jacob Troglia and Eric Olson, admit the allegations contained in Paragraph 2 of plaintiff's complaint.**

**PARTIES**

3.      At all times herein mentioned, Plaintiff Demond Miles ("Plaintiff") was and is a citizen of the United States and was within the jurisdiction of this court.

**ANSWER:  Defendants, Jacob Troglia and Eric Olson, have insufficient knowledge to admit or deny the allegations contained in Paragraph 3 of plaintiff's complaint.**

4.    At all times herein mentioned, Defendants J. Troglia, Star No. 414, J. Barney, Star No. 134, Sergeant Olson, Star No. 372, Agent Crawley, Star No. 9935, Agent Alblinger, Star No. 9733, and each of them were members of The Vermilion County Sheriff's Department and/or The Danville Police Department and/or the Vermilion County Metropolitan Enforcement Group, and unknown and unnamed officers and were acting under color of state law and as the employee, agent, or representative of Vermilion County and/or the City of Danville.  These Defendants are being sued in their individual capacities.

**ANSWER:  Defendants, Jacob Troglia and Eric Olson, admit Troglia and Olson were employed by the Danville Police Department on or about July 18, 2018; were acting under color of State law on or about July 18, 2018; and are being sued in their individual capacities. Defendants admit Scott Crawley was a police officer employed by the Danville Police Department and was assigned to the Vermilion County Metropolitan Enforcement Group (hereinafter "VMEG") on or about July 18, 2018. Defendants admit Jordan Barney and Pat Alblinger were employed by the Vermilion County Sheriff's Department and that Alblinger was assigned to VMEG on or about July 18, 2018. Defendants have in sufficient knowledge to admit or deny the remaining allegations contained in Paragraph 4 of plaintiff's complaint.**

## FACTUAL ALLEGATIONS

6.    On or about July 18, 2018, Plaintiff was lawfully in his vehicle in Danville, Illinois, driving to work.

**ANSWER:  Defendants, Jacob Troglia and Eric Olson, have insufficient knowledge to admit or deny the allegations contained in Paragraph 6 of plaintiff's complaint.**

7.    On that day and place, Defendants had determined that they were going to stop Plaintiff's vehicle for pretextual traffic violations solely because that vehicle had been purportedly located at a particular address.

2

**ANSWER:** **Defendants, Jacob Troglia and Eric Olson, deny the allegations contained in Paragraph 7 of plaintiff's complaint.**

8.    Defendant Troglia then stopped Plaintiff's vehicle based upon alleged traffic violations.  At the time of the stop, Defendant Barney was at the scene and others were either present or arrived shortly thereafter, including defendants Crawley and Alblinger.

**ANSWER:** **Defendants, Jacob Troglia and Eric Olson, admit the allegations contained in Paragraph 8 of plaintiff's complaint.**

9.    The Defendants did not proceed to write Plaintiff any tickets but rather, immediately had Plaintiff exit his vehicle and subjected him to multiple intensive pat down searches.

**ANSWER:** **Defendants, Jacob Troglia and Eric Olson, admit plaintiff was subjected to a pat-down search on July 18, 2018. Defendants deny the remaining allegations contained in Paragraph 9 of plaintiff's complaint.**

10.    There was no legal cause to have Plaintiff exit his vehicle or subject him to an invasive pat down search.

**ANSWER:** **Defendants, Jacob Troglia and Eric Olson, deny the allegations contained in Paragraph 10 of plaintiff's complaint.**

11.    Plaintiff is informed and believes that Defendant Barney is a canine officer.  He was present with his dog who then sniffed the area including Plaintiff's vehicle.  The dog did not "alert" on anything as there was nothing to alert on as Plaintiff did not possess any narcotics.

**ANSWER:** **Defendants, Jacob Troglia and Eric Olson, admit Officer Barney works with a canine unit and further admit Officer Barney's canine partner sniffed the area around plaintiff's vehicle.  Defendants deny the remaining allegations contained in Paragraph 11 of plaintiff's complaint.**

12.    There was also no smell of any narcotics in the vehicle as Plaintiff did not smoke marijuana in the vehicle and there were no other drugs in the vehicle.

**ANSWER:** **Defendants, Jacob Troglia and Eric Olson, admit no unlawful drugs were found in the vehicle.  Defendants deny the remaining allegations contained in Paragraph 12 of plaintiff's complaint.**

13.     The Defendants also did a search of Plaintiff's vehicle.  No contraband was found in the vehicle.

**ANSWER:**     **Defendants, Jacob Troglia and Eric Olson, admit Plaintiff's vehicle was searched and that no contraband was found in the vehicle. Defendants deny the remaining allegations contained in Paragraph 13 of plaintiff's complaint.**

14.     There was no legal cause to do a search of the vehicle.

**ANSWER:**     **Defendants, Jacob Troglia and Eric Olson, deny the allegations contained in Paragraph 14 of plaintiff's complaint.**

15.     Despite the fact that no contraband was located on Plaintiff's person or in his vehicle, nor did the Defendants observe Plaintiff to engage in any suspicious appearing transactions, Plaintiff was detained so that the Defendants could obtain a search warrant to search the Plaintiff.

**ANSWER:**     **Defendants, Jacob Troglia and Eric Olson, admit no contraband was found in plaintiff's vehicle and that a search warrant was obtained to search plaintiff's vehicle. Defendants deny the remaining allegations contained in Paragraph 15 of plaintiff's complaint.**

16.     Plaintiff was arrested and brought back to the Danville Police Department so that he could be subjected to a strip search.

**ANSWER:**     **Defendants, Jacob Troglia and Eric Olson, admit plaintiff was taken to the Danville Police Department and was eventually strip searched subject to a warrant. Defendants deny the remaining allegations contained in Paragraph 16 of plaintiff's complaint.**

17.     Plaintiff was then strip searched twice at the Danville Police Department.  Plaintiff is informed and believes that he was strip searched by Defendant Crawley and that the strip search was observed by Defendants Olson and Alblinger.

**ANSWER:**     **Defendants, Jacob Troglia and Eric Olson, admit Defendant Olson and Alblinger were present during the strip search of Plaintiff at the Danville Police Department Defendants deny the allegations contained in Paragraph 17 of plaintiff's complaint.**

18.     Plaintiff is informed and believes that Defendant Olson is a Sergeant who was the other Defendants' supervisor and who approved the strip search.

**ANSWER:     Defendants, Jacob Troglia and Eric Olson, admit Olson is a Sergeant with the Danville Police Department and is a supervisor of Troglia. Defendants deny the remaining allegations contained in Paragraph 18 of plaintiff's complaint.**

19.     No contraband was found but nevertheless Plaintiff was placed in a cell subsequent to being strip searched until he was finally released.

**ANSWER:     Defendants, Jacob Troglia and Eric Olson, have insufficient knowledge to admit or deny the allegations contained in Paragraph 19 of plaintiff's complaint.**

20.     There was no legal cause to arrest Plaintiff, to obtain a warrant to search Plaintiff and to search or strip search the Plaintiff.

**ANSWER:     Defendants, Jacob Troglia and Eric Olson, deny the allegations contained in Paragraph 20 of plaintiff's complaint.**

21.     Plaintiff's vehicle was also intensively searched a second time.  Plaintiff is informed and believes that a search warrant was obtained to search Plaintiff's vehicle.

**ANSWER:     Defendants, Jacob Troglia and Eric Olson, admit a search warrant was obtained to search Plaintiff's vehicle but have insufficient knowledge to admit or deny the remaining allegations contained in Paragraph 21 of plaintiff's complaint.**

22.     There was no legal cause to obtain a warrant for and to search Plaintiff's vehicle.

**ANSWER:     Defendants, Jacob Troglia and Eric Olson, deny the allegations contained in Paragraph 22 of plaintiff's complaint.**

23.     No contraband was found in Plaintiff's vehicle or on Plaintiff's person.  As a result, Plaintiff was released with no criminal charges having been sought.

**ANSWER:     Defendants, Jacob Troglia and Eric Olson, deny the allegations contained in Paragraph 23 of plaintiff's complaint.**

24.     By reason of the above-described acts and omissions of Defendants, Plaintiff sustained injuries, including but not limited to, the loss of his liberty, the invasion of his personal privacy and his privacy in his vehicle, humiliation and indignities, and suffered great mental and emotional pain and suffering in an amount to be ascertained.

**ANSWER:     Defendants, Jacob Troglia and Eric Olson, deny the allegations contained in Paragraph 24 of plaintiff's complaint.**

25.     The aforementioned acts of Defendants were willful, wanton, malicious, oppressive and done with reckless indifference to and/or callous disregard for Plaintiff's rights and justify the awarding of exemplary and punitive damages in an amount to be ascertained according to proof at the time of trial.

**ANSWER:     Defendants, Jacob Troglia and Eric Olson, deny the allegations contained in Paragraph 25 of plaintiff's complaint.**

26.     By reason of the above-described acts and omissions of Defendants, Plaintiff was required to retain an attorney to institute, prosecute and render legal assistance to him in the within action so that he might vindicate the loss and impairment of his rights.  By reason thereof, Plaintiff requests payment by Defendants of a reasonable sum for attorney's fees pursuant to 42 U.S.C. Section 1988, the Equal Access to Justice Act or any other provision set by law.

**ANSWER:     Defendants, Jacob Troglia and Eric Olson, deny the allegations contained in Paragraph 26 of plaintiff's complaint.**

## COUNT I
## PLAINTIFF AGAINST DEFENDANTS OLSON, CRAWLEY, ALBLINGER, TROGLIA AND BARNEY FOR UNREASONABLE SEIZURE

27.     Plaintiff hereby incorporates and realleges paragraphs one (1) through twenty-six (26) hereat as though fully set forth at this place.

**ANSWER:     Defendants, Jacob Troglia and Eric Olson, restate and incorporate their answers to Paragraphs 1-26 as their answer to Paragraph 27 of plaintiff's complaint.**

28.     By reason of the conduct by Defendants and those named in the caption to this count, Plaintiff was deprived of rights, privileges and immunities secured to him by the Fourth and/or Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder.

**ANSWER:     Defendants, Jacob Troglia and Eric Olson, deny the allegations contained in Paragraph 28 of plaintiff's complaint.**

29.     The arbitrary intrusion by Defendants, into the security and privacy of Plaintiff's person was in violation of Plaintiff's Constitutional Rights and not authorized by law.   The Defendants police officers violated the Plaintiff's rights in the following manner:  (1) Plaintiff was unlawfully seized after his vehicle was stopped which continued until he was released from the police station; (2) Plaintiff was subjected to unlawful multiple pat down searches; (3) Plaintiff was subjected to multiple unlawful strip searches without authorization or other legal cause; and (4) Defendants unlawfully procured and/or executed a search warrant for Plaintiff's person.   The foregoing was unnecessary, unreasonable and excessive, and was therefore in violation of Plaintiff's rights.   Therefore, the Defendant is liable to Plaintiff pursuant to 42 U.S.C. § 1983.

**ANSWER:     Defendants, Jacob Troglia and Eric Olson, deny the allegations contained in Paragraph 29 of plaintiff's complaint.**

## COUNT II
### PLAINTIFF AGAINST DEFENDANTS CRAWLEY, ALBLINGER, TROGLIA AND BARNEY FOR UNREASONABLE SEIZURE OF PLAINTIFF'S VEHICLE

30.     Plaintiff hereby incorporates and realleges paragraphs one (1) through twenty-six (26) hereat as though fully set forth at this place.

**ANSWER:     Defendants, Jacob Troglia and Eric Olson, restate and incorporate their answers to Paragraphs 1-26 as their answer to Paragraph 30 of plaintiff's complaint.**

31.     By reason of the conduct  by Defendants and those named  in the caption  to this count, Plaintiff  was deprived  of rights, privileges and immunities secured  to him by the Fourth and/or Fourteenth Amendments  to the Constitution  of the United   States and laws enacted thereunder.

**ANSWER:     Defendants, Jacob Troglia and Eric Olson, deny the allegations contained in Paragraph 31 of plaintiff's complaint.**

32.     The arbitrary intrusion by Defendants, into the security and privacy of Plaintiff's vehicle was in violation of Plaintiff's Constitutional Rights and not authorized by law. The Defendants police officers  violated  the Plaintiff's rights  in the following manner: (1) Plaintiff's vehicle  was unlawfully seized after his vehicle  was stopped  which continued until his vehicle was released  from the police  station;  (2) Plaintiff's vehicle  was subjected to unlawful  multiple searches while at the scene where the vehicle  was originally stopped; (3) Plaintiff's vehicle was subjected to an additional search  after the Defendants obtained  a search warrant  for the vehicle; and (4) Defendants unlawfully procured and/or executed a search warrant for Plaintiff's vehicle. The foregoing was unnecessary, unreasonable and excessive, and was therefore in violation of Plaintiff's rights. Therefore, the Defendant is liable to Plaintiff pursuant to 42 U.S.C. § 1983.

**ANSWER:     Defendants, Jacob Troglia and Eric Olson, deny the allegations contained in Paragraph 32 of plaintiff's complaint.**

WHEREFORE, Defendants, JACOB TROGLIA and ERIC OLSON, respectfully request judgment be entered in their favor and against plaintiff and that this honorable Court enter costs in their favor and against plaintiff pursuant to 28 U.S.C. §1920.

## AFFIRMATIVE DEFENSE

In addition to the denials and defenses set forth hereinabove this Answer to Plaintiff's Complaint, Defendants state the following as additional affirmative defense, to wit:

8

**First Affirmative Defense**

1.      Defendants, Jacob Troglia and Eric Olson are government officials who perform discretionary functions. At all times material to the events alleged in plaintiff's complaint, a reasonable government official objectively viewing the facts and circumstances that confronted defendants, Jacob Troglia and Eric Olson, could have believed their actions to be lawful, in light of clearly established law and the information that defendants possessed. Defendants, Jacob Troglia and Eric Olson, did not knowingly violate clearly established constitutional rights of which a reasonable person would have known.  Defendants, Jacob Troglia and Eric Olson, therefore, are entitled to qualified immunity as a matter of law on plaintiff's claims brought pursuant to 42 U.S.C. §1983 against them in their individual capacities.

WHEREFORE, Defendants, JACOB TROGLIA and ERIC OLSON, respectfully request judgment be entered in their favor and against plaintiff and that this honorable Court enter costs in their favor and against plaintiff pursuant to 28 U.S.C. §1920.

**DEFENDANTS DEMAND TRIAL BY JURY.**

Respectfully submitted,

**JACOB TROGLIA, ERIC OLSON**

By:     *s/Karen L. McNaught*
        Karen L. McNaught, #6200462
        Daniel T. Corbett, #6312582
        O'Halloran Kosoff Geitner & Cook, LLC
        650 Dundee Road, Suite 475
        Northbrook, IL  60062
        Phone: 847/291-0200
        Fax:    847/291-9230
        Email: kmcnaught@okgc.com
               dcorbett@okgc.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION**

| | | |
|---|---|---|
| DEMOND MILES, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 20-CV-2015-CSB-EIL |
| v. | ) | |
| | ) | |
| OFFICER J. TROGLIA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on March 25, 2020 I electronically filed ***Defendants' Answer and Affirmative Defense to Plaintiff's Complaint*** with the CM/ECF system, which will send notification of such filing to the following registered CM/ECF participant(s):

Edward M. Fox
Ed Fox & Associates
dfox@efoxlaw.com

Michael W. Condon
Hervas Condon & Bersani, PC
mcondon@hcbattorneys.com

By:     *s/Karen L. McNaught*
          Karen L. McNaught, #6200462
          Daniel T. Corbett, #6312582
          O'Halloran Kosoff Geitner & Cook, LLC
          650 Dundee Road, Suite 475
          Northbrook, IL  60062
          Phone: 847/291-0200
          Fax:     847/291-9230
          Email: kmcnaught@okgc.com
                    dcorbett@okgc.com